**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QUINTON P. BROWN, | No. 15-35194 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00192-RMP |
| v. | |
| LARRY L. ADAMS, et al., | MEMORANDUM* |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted June 14, 2016**

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Quinton P. Brown, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

claims arising from defendants' refusal to provide Brown with his personal

religious texts.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Columbia Pictures Indus. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Brown's First Amendment claim on the basis of qualified immunity because it would not have been clear to every reasonable official that denying Brown's religious texts for a temporary period of time would place a substantial burden on Brown's free exercise of his religion. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011) (discussing qualified immunity and noting that a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right" (citation and internal quotation marks omitted)).

Summary judgment was proper on Brown's free speech claim because Brown failed to raise a genuine dispute of material fact as to whether the prison policy denying personal property in a four man cell involved censorship of the content of communications made by Brown. *See Sands v. Lewis*, 886 F.2d 1166, 1172 (9th Cir. 1989), *overruled on other grounds by Lewis v. Casey* (a prison policy that does not involve "censoring the content of communications" cannot form the basis of a First Amendment free speech claim).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983 n. 2 (9th Cir. 2009).

**AFFIRMED.**